**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KAMYAIAH KEENAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:26-cv-1790 |
| CHICAGO SECURITY PROFESSIONALS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, KAMYAIAH KEENAN ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of CHICAGO SECURITY PROFESSIONALS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. This Complaint arises from Defendant's discrimination and retaliation on the basis of Plaintiff's pregnancy in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*; and in violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/ *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to Title VII. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as the action arises under the laws of the United States.

1

3. This Court has supplemental jurisdiction over Plaintiff's IHRA claims, as they are so related to the Title VII claims that they form part of the same case and controversy under Article III of the United States Constitution.

4. Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein occurred in this District, relevant employment records are maintained and administered in this District, and Plaintiff would have worked in this District but for Defendant's unlawful conduct.

### ADMINISTRATIVE EXHAUSTION

5. Plaintiff has satisfied all statutory and administrative prerequisites to invoke this Honorable Court's jurisdiction under Title VII and IHRA.

6. Plaintiff cross-filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") on December 17, 2025.

7. On January 23, 2026, the EEOC provided Plaintiff with a Right to Sue Notice and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue Notice. *See* Exhibit A, Plaintiff's EEOC Right to Sue.

8. On January 26, 2026, Plaintiff duly notified IDHR of the EEOC's issuance of the Right to Sue notice. On February 11, 2026, IDHR provided Plaintiff with a Notice of EEOC Adopted Finding and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of IDHR's Notice of EEOC Adopted Findings. *See* Exhibit B, IDHR's Notice of EEOC Adopted Findings

### PARTIES

9. Plaintiff is a resident of Chicago, Illinois.

2

10. Defendant is a limited liability company organized under the laws of Illinois, with its principal place of business located at 1003 East 31st Street LaGrange Park, Illinois 60526. Defendant is a privately held security provider.[1]

**FACTUAL ALLEGATIONS**

11. Defendant employed Plaintiff on or around February 1, 2025, as a full-time Security Guard, and compensated her at an hourly rate.

12. Defendant utilized Plaintiff to provide security services for its clients. Specifically, she provided parking lot security patrols for Defendant's clients.

13. Defendant maintained the right to control and direct the manner, means, and methods by which Plaintiff performed her work, including setting schedules, assigning tasks, providing equipment, and providing detailed instructions regarding how work was to be completed.

14. At all times, Plaintiff met Defendant's performance expectations.

15. At no time prior to the end of Plaintiff's employment did Plaintiff have any performance issues or face disciplinary action that was not discriminatory or retaliatory in nature.

16. Plaintiff was qualified for her position.

17. On several occasions, Plaintiff communicated to Defendant, and her direct supervisor ("Mr. Kirk"), that she was pregnant, including on or around March 16, 2025, and April 10, 2025.

18. At no point did Plaintiff request to be put on medical or pregnancy leave as a result of her pregnancy.

19. Shortly thereafter, Defendant began to reduce Plaintiff's scheduled working hours.

20. Although Defendant hired Plaintiff as a full-time employee, Defendant began to schedule Plaintiff well short of her full-time status.

---

[1] CHICAGO SECURITY PROFESSIONALS, LLC, https://www.chicagosp.com/about-us (last visited Jan. 29, 2026).

21. Defendant undertook these actions without Plaintiff's request or consent and without providing any legitimate justification.

22. When Plaintiff raised concerns regarding the reduction in her scheduled hours, her direct supervisor, Mr. Kirk, informed her that the reduction was attributable to her pregnancy.

23. Despite Plaintiff's repeated complaints, Mr. Kirk disregarded Plaintiff's concerns.

24. For example, on or around July 24, 2025, Mr. Kirk did not reply to Plaintiff's text messages regarding her reduction in hours.

25. Defendant did not reduce the hours of other Security Guards who were not pregnant.

26. On July 27, 2025, Defendant placed Plaintiff on leave status and communicated that Plaintiff could only return from leave after she gave birth.

27. Plaintiff never requested pregnancy-related leave or any other kind of leave.

28. In fact, Plaintiff communicated that her medical provider had cleared her to work.

29. Defendant's non-pregnant employees were not required to go on unpaid leave.

30. Despite Plaintiff's medical clearance, Defendant forced Plaintiff into involuntary, unpaid leave without engaging or communicating with Plaintiff in any meaningful manner, without medical or safety justifications, and without consent.

31. Plaintiff gave birth to her child on September 9, 2025.

32. On or around September 11, 2025, Defendant contacted Plaintiff and directed her to return to work immediately. Given that Plaintiff had just given birth, she declined the request and informed Defendant that her medical provider had not cleared her to return to work yet.

33. On or around November 6, 2025, Plaintiff texted Mr. Kirk to request reinstatement. Mr. Kirk never addressed Plaintiff's request and Defendant never reinstated Plaintiff.

34. To date, Defendant has not communicated with Plaintiff regarding her return to work.

4

35. As a result, and for all practical purposes, Defendant has terminated Plaintiff's employment.

36. Alternatively, Defendant's acts and omissions rendered Plaintiff's continued employment objectively intolerable and effectively severed the employment relationship as she was forced to resign, thereby constituting a constructive discharge.

37. Defendant forced Plaintiff to find new employment.

38. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant economic losses, including lost wages due to reduced hours, unpaid leave, and the termination of her employment, as well as the loss of employment-related benefits. In addition, while caring for a newborn child, Plaintiff has experienced substantial emotional distress, including anxiety and mental anguish, caused by Defendant's unlawful conduct and the uncertainty surrounding her employment.

39. Plaintiff has experienced anxiety, humiliation, and fear of future employment discrimination.

## CAUSES OF ACTION

### COUNT ONE
**Violation of Title VII of the Civil Rights Act**
**Sex Discrimination**

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. Plaintiff is an "employee" under 42 U.S.C. § 2000e(a).

42. At all times relevant and during the applicable limitations period, Defendant was engaged in an industry affecting commerce and employed at least fifteen (15) employees for each working day in at least twenty (20) calendar weeks and therefore qualifies as an "employer" within the meaning of 42 U.S.C. § 2000e(b).

43. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex and pregnancy, in violation of Title VII under 42 U.S.C. § 2000e-2.

44. Plaintiff is a member of a protected class because she is a pregnant woman, as "sex" is defined to include pregnancy under 42 U.S.C. § 2000e(k).

45. Plaintiff was qualified for her job and performed her job satisfactorily as she had never had any disciplinary or performance issues prior to her termination.

46. Plaintiff suffered an adverse employment action because of her sex when, shortly after she reported her pregnancy, Defendant reduced her scheduled hours, placed her on involuntary unpaid leave, and thereafter failed to reinstate her or provide a return-to-work date, thereby effectively terminating her employment and/or constructively discharging Plaintiff.

47. Defendant treated Plaintiff less favorably than Defendant's non-pregnant employees.

48. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

49. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant, and grant the following relief:

    a.  Declare that Defendant discriminated against Plaintiff in violation of Title VII;

    b.  Enjoin Defendant from engaging in discriminatory conduct and require Defendant to adopt and enforce policies, practices, and training designed to prevent discrimination against employees under Title VII;

c. Award Plaintiff all back pay, lost wages, lost benefits, and other compensation resulting from Defendant's discriminatory actions, together with pre-judgment and post-judgment interest as allowed by law;

d. Award front pay or reinstatement, as appropriate, to make Plaintiff whole;

e. Award compensatory damages for emotional distress, humiliation, anxiety, inconvenience, and other non-economic harms caused by Defendant's discrimination;

f. Award punitive damages to the extent permitted by law, to punish Defendant and deter similar misconduct;

g. Award Plaintiff reasonable attorneys' fees, litigation costs, and expenses; and

h. Grant such other and further relief as this Honorable Court deems just and proper.

<u>**COUNT TWO**</u>
**Violation of Title VII of the Civil Rights Act**
**Retaliation**

50. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant intentionally retaliated against Plaintiff, in violation of Title VII under 42 U.S.C. § 2000e-3(a).

52. Plaintiff engaged in protected activity when she informed Defendant of her pregnancy and when she complained about her hours being reduced by Defendant.

53. Defendant was aware of Plaintiff's engagement in the protected activity.

54. Plaintiff suffered an adverse employment action after engaging in protected activity when Defendant reduced her scheduled working hours, placed her on involuntary unpaid leave, and thereafter failed to reinstate her or provide a return-to-work date, thereby effectively terminating her employment and/or constructively discharging Plaintiff.

55. There is a causal connection between Plaintiff's protected activity and her termination.

56. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

57. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant, and grant the following relief:

a. Declare that Defendant retaliated against Plaintiff in violation of Title VII;

b. Enjoin Defendant from engaging in retaliatory conduct and require Defendant to adopt and enforce policies, practices, and training designed to prevent retaliation against employees under Title VII;

c. Award Plaintiff all back pay, lost wages, lost benefits, and other compensation resulting from Defendant's retaliatory actions, together with pre-judgment and post-judgment interest as allowed by law;

d. Award front pay or reinstatement, as appropriate, to make Plaintiff whole;

e. Award compensatory damages for emotional distress, humiliation, anxiety, inconvenience, and other non-economic harm caused by Defendant's retaliation;

f. Award punitive damages to the extent permitted by law, to punish Defendant and deter similar misconduct;

g. Award Plaintiff reasonable attorneys' fees, litigation costs, and expenses; and

h. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
### Illinois Human Rights Act

**Pregnancy Discrimination**

58. Plaintiff repeats and re-alleges paragraphs 1-57 as if fully stated herein.

59. Plaintiff is an "employee" under 775 ILCS 5/2-101(A).

60. As Defendant had more than one employee within Illinois during the relevant statutory period, Defendant is an "employer" under 775 ILCS 5/2-101(B).

61. Defendant's acts and omissions as alleged in Count I constitute unlawful pregnancy discrimination in violation of the IHRA, 775 ILCS 5/2-102.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, and grant the following relief under the IHRA:

    a. A declaration that Defendant's conduct violated the IHRA;

    b. An award for back pay, front pay, and all other lost wages and employment benefits caused by Defendant's unlawful conduct;

    c. An award of compensatory damages, including damages for emotional distress, humiliation, and loss of dignity, as permitted under the IHRA;

    d. An award of punitive damages, to the extent permitted by law, to punish Defendant for its willful and reckless misconduct and to deter similar conduct in the future;

    e. Pre-judgment and post-judgment interest as allowed by law;

    f. An award of reasonable attorneys' fees and costs;

    g. Equitable and injunctive relief as the Honorable Court deems just and proper to prevent future violations of the IHRA; and

    h. Such other and further relief as the Court deems just and equitable.

## COUNT FOUR
**Illinois Human Rights Act**

9

**Retaliation**

62. Plaintiff repeats and re-alleges paragraphs 1-61 as if fully stated herein.

63. Defendant's acts and omissions as alleged in Count II constitute unlawful retaliation in violation of the IHRA, 775 ILCS 5/6-101.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, and grant the following relief under the IHRA:

 i. A declaration that Defendant's conduct violated the IHRA;

 j. An award of back pay, front pay, and all other lost wages and employment benefits caused by Defendant's unlawful conduct;

 k. An award of compensatory damages, including damages for emotional distress, humiliation, and loss of dignity, as permitted under the IHRA;

 l. An award of punitive damages, to the extent permitted by law, to punish Defendant for its willful and reckless misconduct and to deter similar conduct in the future;

 m. Pre-judgment and post-judgment interest as allowed by law;

 n. An award of reasonable attorneys' fees and costs, pursuant to 775 ILCS 5/10-102(C)(3);

 o. Equitable and injunctive relief as the Honorable Court deems just and proper to prevent future violations of the IHRA; and

 p. Such other and further relief as the Court deems just and equitable.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all counts so triable.

10

Dated: February 18, 2026,

Respectfully submitted,

/s/ *Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

/s/ Ricardo Alvarez
Ricardo Alvarez # 6352617
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
ricardo.a@consumerlawpartners.com